UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FARRAH GILOT,

Plaintiff,

- against -

CASHAPP, SIXT RENT A CAR LLC, and FRONTIER FUNDING LLC,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
26-CV-4169 (PKC) (PK)
26-CV-4717 (PKC) (PK)
26-CV-4720 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Farrah Gilot filed three Complaints in a single envelope addressed to the Court, against Defendants Cashapp, No. 26-CV-4169; Sixt Rent A Car LLC ("Sixt"), No. 26-CV-4717; and Frontier Funding LLC ("Frontier"), No. 26-CV-4720. As explained below, all three cases are dismissed.

**BACKGROUND**

All three Complaints are sparse and hard to follow. (*See* Compl., *Gilot v. Cashapp*, No. 26-CV-4169 (PKC) (PK) (E.D.N.Y. Aug. 3, 2026), Dkt. No. 1 ("Cashapp Compl."); Compl., *Gilot v. Sixt Rent A Car LLC*, No. 26-CV-4717 (PKC) (PK) (E.D.N.Y. Aug. 3, 2026), Dkt. No. 1 ("Sixt Compl."); Compl., *Gilot v. Frontier Funding LLC*, No. 26-CV-4720 (PKC) (PK) (E.D.N.Y. Aug. 3, 2026), Dkt. No. 1 ("Frontier Compl.").) From what the Court can piece together, Plaintiff's claims against Cashapp appear to be as follows (reproduced as in original):

> I was rob by a cash app user contact cash app for refund or person address to sue the person cashapp decline both cashapp makes it easy to defraud customer and need to become liable

(Cashapp Compl. at ECF 4.) Plaintiff's claims against Sixt appear to be as follows (reproduced as in original):

> Was moving request a ride they cancel and decided to keep my money no where listed on website no refundable [illegible] was hospitalize that day

(Sixt Compl. at ECF 5.) Plaintiff's claims against Frontier appear to be as follows (reproduced as in original):

> The defendant who I was friends with and noticd my mental health state because of a case that was mental not going be well he then contacted the police and sister never gave him my address and told him had problem with nearby police the police was medical arrested and financial I was to reimburse he agreed and then decided I should pay. He cost me a job and violated my . . . lost my hotel sta[illegible] got charge for booking emotional distress and privacy violation. him calling my sister who did not give number to would have been suffiant him calling the police was not

(Frontier Compl. at ECF 5–6.)

Plaintiff also included two requests to proceed *in forma pauperis* ("IFP") in the same envelope as her three Complaints, which were docketed in the cases against Sixt and Cashapp. (*See* IFP Mot., *Gilot v. Sixt Rent A Car LLC*, No. 26-CV-4717 (PKC) (PK) (E.D.N.Y. Aug. 3, 2026), Dkt. No. 2; IFP Mot., *Gilot v. Cashapp*, No. 26-CV-4169 (PKC) (PK) (E.D.N.Y. Aug. 3, 2026), Dkt. No. 2.) However, the IFP motion docketed in the case against Sixt lists Frontier as the Defendant. (*See* IFP Mot. at ECF 1, *Gilot v. Sixt Rent A Car LLC*, No. 26-CV-4717 (PKC) (PK) (E.D.N.Y. Aug. 3, 2026), Dkt. No. 2.) In the Court's discretion, and given Plaintiff's *pro se* status, the Court liberally construes Plaintiff's IFP applications as applying to all three of her Complaints that were included in the same envelope. *See Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) ("The *in forma pauperis* law is not meant to be a series of traps and travails for pro se litigants, nor does it aim to dismiss potentially meritorious arguments because of the particularities of federal practice. . . . [The] special solicitude [owed to pro se litigants] . . . includes leniency in the application of procedural rules." (citations omitted)).

## LEGAL STANDARD

When a party seeks to proceed IFP, the Court must review their complaint and dismiss the action if it determines that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). An action is frivolous when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation modified). An action fails to state a claim if it fails to include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (alteration in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))). However, the liberal standard applied to *pro se* actions does not "excuse frivolous or vexatious filings by *pro se* litigants." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005) (per curiam).

## DISCUSSION

The Court grants Plaintiff's request to proceed IFP in all three of these cases for the sole purpose of this Memorandum & Order. As set forth below, Plaintiff's Complaints are dismissed in their entirety.

### I. Venue is Improper for Plaintiff's Complaints Against Cashapp and Sixt

A civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If an action is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, nothing in Plaintiff's Complaints against Cashapp and Sixt suggests that this District is the proper venue. According to the Complaints, those Defendants are located in California and Florida, respectively, and Plaintiff does not state any facts suggesting that any part of the events giving rise to her claims happened here. (*See generally* Cashapp Compl.; Sixt Compl.) In fact, in her Complaint against Cashapp, Plaintiff seems to concede that venue is not proper here, writing that "[t]his motion can be transfer[red] to [the] proper court" because she "currently move[d] to Virginia." (*See* Cashapp Compl. at ECF 3; *see also* Sixt Compl. at ECF 3 (recognizing that Plaintiff "move[d] to Virginia but . . . asking [the] Court to take this case").)

Since venue is not proper in this District for those two cases, the question is whether to transfer this case or dismiss it. "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court," *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993),

although "a district court should not dismiss for improper venue on its own motion except in extraordinary circumstances," *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (citing *Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 (2d Cir. 1966)).

Such extraordinary circumstances are present here. First, as set forth next, the Court highly doubts that any federal court would find that Plaintiff has plausibly stated a claim for relief. Thus, the Court finds it inappropriate to transfer the cases to another court, which would very likely reach the same conclusion and dismiss the Complaints after expending unnecessary time and resources. Second, Plaintiff has filed a large number of vexatious lawsuits in this District, many of which have been transferred for improper venue. *See Gilot v. 63 Police Dep't*, No. 26-CV-4565 (PKC) (PK), 2026 WL 2568282, at *3–4 (E.D.N.Y. Aug. 31, 2026) (collecting cases). This Court has transferred at least eleven cases filed by Plaintiff to other districts in the past year alone (many of which were ultimately dismissed by the transferee court). *See* Transfer Order, *Gilot v. St. Joseph Hosp.*, No. 25-CV-6953 (PKC) (PK) (E.D.N.Y. Dec. 23, 2025), Dkt. No. 4; Transfer Order, *Gilot v. Self Fin. Inc.*, No. 25-CV-7050 (PKC) (PK) (E.D.N.Y. Jan. 2, 2026), Dkt. No. 5; Transfer Order, *Gilot v. Ontario Sheriff*, No. 25-CV-6760 (PKC) (PK) (E.D.N.Y. Jan. 13, 2026), Dkt. No. 4[1]; Transfer Order, *Gilot v. Self Fin. Inc.*, No. 26-CV-0150 (PKC) (PK) (E.D.N.Y. Jan. 23, 2026), Dkt. No. 5; Transfer Order, *Gilot v. CVS*, No. 26-CV-0263 (PKC) (PK) (E.D.N.Y. Jan. 27, 2026), Dkt. No. 5[2]; Transfer Order, *Gilot v. Christ US Santa Rosa Hosp.*, No. 26-CV-0259 (PKC) (PK)

---

[1] This case was subsequently dismissed by the transferee court for failure to state a claim. *See* Order, *Gilot v. Ontario Sheriff*, No. 6:26-CV-6051 (MAV) (W.D.N.Y. Mar. 2, 2026), Dkt. No. 6.

[2] This case was subsequently dismissed by the transferee court for failure to prosecute and failure to comply with a court order to provide a more definite statement of Plaintiff's claims. *See Gilot v. CVS*, No. 5:26-CV-0473 (JKP), 2026 WL 1258466 (W.D. Tex. May 7, 2026).

(E.D.N.Y. Jan. 27, 2026), Dkt. No. 5[3]; Transfer Order, *Gilot v. Greyhound*, No. 25-CV-6954 (PKC) (PK) (E.D.N.Y. Jan. 29, 2026), Dkt. No. 7; Transfer Order, *Gilot v. Dep't of Soc. Servs.*, No. 26-CV-0260 (PKC) (PK) (E.D.N.Y. Jan. 29, 2026), Dkt. No. 5[4]; Transfer Order, *Gilot v. Extra Space Storage*, No. 26-CV-0261 (PKC) (PK) (E.D.N.Y. Jan. 29, 2026), Dkt. No. 5[5]; Transfer Order, *Gilot v. Cascade Cap. Funding LLC*, No. 26-CV-0458 (PKC) (PK) (E.D.N.Y. Feb. 9, 2026), Dkt. No. 4[6]; Transfer Order, *Gilot v. MRO*, No. 26-CV-0457 (PKC) (PK) (E.D.N.Y. Feb. 10, 2026), Dkt. No. 4.[7] It is inappropriate for the Court to expend its resources determining the proper venue for Plaintiff's cases against Cashapp and Sixt and transferring them, when she chose to file them in this District believing that venue likely is not proper here.

## II. Plaintiff's Complaints Are Frivolous and Fail to State a Claim

Plaintiff's remaining Complaint, against Frontier, is frivolous and fails to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). That is also true of Plaintiff's Complaints against Cashapp and Sixt. Even when read with special solicitude, the Complaints are

---

[3] This case was subsequently dismissed by the transferee court for failure to state a claim. *See* Order Adopting Report and Recommendations, *Gilot v. Christ US Santa Rosa Hosp.*, No. 26-CV-0197 (RP) (W.D. Tex. Apr. 6, 2026), Dkt. No. 10.

[4] This case was subsequently dismissed by the transferee court for failure to state a claim. *See* Order, *Gilot v. Dep't of Soc. Servs.*, No. 6:26-CV-6135 (MAV) (W.D.N.Y. Mar. 2, 2026), Dkt. No. 7.

[5] This case was subsequently dismissed by the transferee court for lack of jurisdiction. *See Gilot v. Extra Space Storage*, No. 26-CV-0226 (ADA), 2026 WL 794316 (W.D. Tex. Mar. 20, 2026).

[6] This case was subsequently dismissed by the transferee court for failure to state a claim. *See Gilot v. Cascade Cap. Funding LLC*, No. 26-CV-0308 (RP), 2026 WL 945721 (W.D. Tex. Apr. 7, 2026).

[7] This case was subsequently dismissed by the transferee court for failure to prosecute. *See* Order Dismissing for Failure to Prosecute, *Gilot v. MRO*, No. 2:26-CV-0894 (E.D. Pa. Apr. 13, 2026), Dkt. No. 9.

so sparse and difficult to decipher that the Court cannot discern what causes of action they could be construed to contain, let alone whether any alleged facts support those causes of action. Accordingly, Plaintiff's Complaints are frivolous and fail to state a claim on which relief can be granted. They also run afoul of the requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that dismissal is proper when the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"); *see also, e.g.*, *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (affirming dismissal where the plaintiff's "complaint was unintelligible and his claims indiscernible"). Plaintiff's claims in all three cases are therefore dismissed.

The Court declines to give Plaintiff leave to amend her Complaint against Frontier. Although the Court must grant a *pro se* party the opportunity to amend their complaint before dismissal if "a liberal reading of the complaint gives any indication that a valid claim might be stated," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), leave to amend is not required when amendment would be futile, *see Salahuddin*, 861 F.2d at 42; *Hill*, 657 F.3d at 123–24. Here, the Court does not find that a liberal reading of the Complaint against Frontier gives any indication that a valid claim might be stated. Perhaps more importantly, Plaintiff's litigation history suggests that granting Plaintiff leave to amend would be futile. *See 63 Police Dep't*, 2026 WL 2568282, at *4 (collecting 21 cases filed by Plaintiff that were dismissed as frivolous, for failure to state a claim, for failure to comply with court orders, or for lack of jurisdiction); *see also*, *e.g.*, *Gilot v. Act Blue*, No. 19-CV-11256 (CM), 2020 WL 247960, at *2 (S.D.N.Y. Jan. 16, 2020) (denying Plaintiff leave to amend "in light of her litigation history").

**CONCLUSION**

Plaintiff's request to proceed IFP is granted for the limited purpose of this Memorandum & Order. Plaintiff's Complaints in *Gilot v. Cashapp*, No. 26-CV-4169, and *Gilot v. Sixt Rent A Car LLC*, No. 26-CV-4717, are dismissed *sua sponte* for improper venue under 28 U.S.C. § 1406(a). These dismissals are without prejudice for Plaintiff to re-file in an appropriate venue. Plaintiff's Complaint in *Gilot v. Frontier Funding LLC*, No. 26-CV-4720, is dismissed without prejudice as frivolous and for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Clerk of Court is respectfully directed to enter judgment accordingly and close all three cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum & Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 9, 2026
Brooklyn, New York